AO 442 (Rev. 11/11) Arrest Warrant

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

# UNITED STATES DISTRICT COURT

for the

District of Wyoming

2019 JUL 25 PM 2: 42

STEPHAN HARRIS, CLERK
CHEYENNE

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 08-CR-114 |
| | ) | |
| RYAN OTT | ) | |
| | ) | |
| | ) | |
| *Defendant* | | |

RECEIVED
U.S. MARSHALS SERVICE
CHEYENNE, WY
2019 JUL 25 PM 2: 47

## ARREST WARRANT

To:     Any authorized law enforcement officer

YOU ARE COMMANDED to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*     RYAN OTT                                                             ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment          ☐ Superseding Indictment          ☐ Information          ☐ Superseding Information          ☐ Complaint
☐ Probation Violation Petition          ☑ Supervised Release Violation Petition          ☐ Violation Notice          ☐ Order of the Court

This offense is briefly described as follows:

SEE ATTACHED

Date:     07/25/2019

City and state:     Cheyenne, Wyoming

*Issuing officer's signature*

Stephan Harris, Clerk of US District Court
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____ |

*Arresting officer's signature*

*Printed name and title*

# United States District Court

## District of Wyoming

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 JUL 25  PM 2: 37

STEPHAN HARRIS, CLERK
CHEYENNE

### Petition for Warrant or Summons for Offender Under Supervision

| | | |
|---|---|---|
| Name of Offender : | Ryan Ott | Case No.:  08-CR-114-D |
| Sentencing Judicial Officer: | William F. Downes | |
| Date of Original Sentence: | December 17, 2008 | |
| Original Offense: | Felon in Possession of a Firearm | |
| Original Sentence: | 120 months custody followed by 3 years of supervised release | |
| Type of Supervision: | Supervised Release | |
| Date Supervision Commenced: | March 30, 2018 | |
| Date Supervision Modified: | January 9, 2018, placing him at a Residential Re-entry Center as public law | |
| Date Supervision Modified: | June 8, 2018, releasing him early from the Residential Re-entry Center | |
| Date Supervision Modified: | September 18, 2018, placing him on a curfew with electronic monitoring for 30 days | |
| Assistant U.S. Attorney: | Stuart S. Healy, III | |
| Defense Attorney: | David Weiss | |

**Petitioning the Court**

☒ To issue a warrant
☐ To issue a summons
☐ To sign and have filed an amended petition

The probation officer believes the offender has violated the following condition(s) of supervision:

(See attached)

**U.S. Probation Officer Recommendation:**

☒      The term of supervision should be
     ☒      revoked.
     ☐      extended for    years,    for a total of    years.
☐      The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Jason Volz            July 25, 2019

Jason Volz            Date
U.S. Probation Officer

Approved by:    /s/ Mary Hunsicker

     Mary Hunsicker
     Supervisory U.S. Probation Officer

Petition for Warrant
Ryan Ott

**THE COURT ORDERS:**
☐ No Action
☒ The issuance of a warrant
☐ The issuance of a summons
☐ Other

**THE COURT FURTHER ORDERS:**
☒ Counsel to file Notice of Intent to Contest
the Results of the Urinalysis Testing within
two days of the Initial Appearance on this
Petition.

_Scott W. Skavdahl_                    7/25/18
Scott W. Skavdahl                       Date
Chief U.S. District Judge

---

**Violation No.  1**

Standard Condition        7        The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

**Nature of Noncompliance**
On or about February 22, 2019, the defendant consumed Marijuana. This is evidenced by a confirmed positive urinalysis test.

**U.S. Probation Officer's Action**
The defendant's urinalysis testing was increased.

---

**Violation No.  2**

Special Condition        The defendant shall not use or possess alcohol, nor shall he enter bars or lounges.

**Nature of Noncompliance**
On or about June 6, 2019, the defendant consumed alcohol. This is evidence by a confirmed positive ETG-Alcohol test. This test was collected by Wyoming Department of Corrections, Agent Kayleigh McConnell.

**U.S. Probation Officer's Action**
Petition for a Warrant was submitted to the Court.

---

**Violation No.  3**

Standard Condition        The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

**Nature of Noncompliance**
On or about July 16, 2019, the defendant stopped reporting to his job at TCRI in Gillette, WY.

**U.S. Probation Officer's Action**
Petition for a Warrant was submitted to the Court.

---

**Violation No.  4**

Standard Condition        2        The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

**Nature of Noncompliance**
On July 22, 2019, the defendant failed to attend his scheduled telephone meeting with his United States Probation Officer (USPO) and his whereabouts are unknown at this time.

Petition for Warrant
Ryan Ott

**U.S. Probation Officer's Action**
Petition for a Warrant was submitted to the Court.

**Penalties for Supervised Release Violations:**

**Statutory Penalties:** According to 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the person to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. The maximum revocation term of custody for a Class C felony is 2 years.

Pursuant to 18 U.S.C. § 3583(h), if supervision is revoked and the defendant is sentenced to a term of imprisonment, the Court may sentence the defendant to an additional term of supervised release. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the original offense, less any term of imprisonment imposed upon revocation of supervised release.

**Guideline Penalties:** In the case of revocation of supervised release, the applicable term of imprisonment is found in the Sentencing Guideline Table under 7B1.4(a). This section states that for Grade C Violations with a Criminal History Category of V, and where the defendant was on supervised release as a result of a sentence for a Class C felony, the applicable imprisonment range is 7-13 months.

Pursuant to U.S.S.G. § 7B1.3(g)(2), the term should not exceed the original term of supervised release authorized by statute less any term of imprisonment imposed upon revocation.